UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAYHILL THERAPEUTICS, INC.<br>1810 Gateway Dr., Suite 150<br>San Mateo, California  94404<br><br>and<br><br>THE BOARD OF TRUSTEES OF THE<br>LELAND STANFORD JUNIOR<br>UNIVERSITY<br>1705 El Camino Real<br>Palo Alto, CA  94306<br><br>  Plaintiffs,<br><br>  v.<br><br>HON. DAVID J. KAPPOS<br>In His Official Capacity As Under Secretary of<br>Commerce for Intellectual Property and<br>Director of the United States Patent and<br>Trademark Office.  Office of the General<br>Counsel, United States Patent and Trademark<br>Office, 401 Dulany Street, Randolph Building,<br>Alexandria, VA  22314.<br><br>  Defendant. | Civil Action No. _____ |

**COMPLAINT**

Plaintiffs, Bayhill Therapeutics, Inc. ("Bayhill") and The Board of Trustees of the Leland Stanford Junior University ("Stanford University"), for this complaint against the Defendant Honorable David Kappos in his official capacity as the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, state as follows:

## NATURE OF THE ACTION

1. This is an action by the exclusive licensee and the assignee of United States Patent No. 7,544,669 ("the '669 patent") for review of the determination by Defendant pursuant to 35 U.S.C. § 154, of the patent term accorded the '669 patent. Plaintiffs seek a judgment pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment of the '669 patent be changed from 481 days to at least 1042 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## THE PARTIES

3. Plaintiff Bayhill is a corporation organized under the laws of Delaware, having a principal place of business at 810 Gateway Dr., Suite 150, San Mateo, California, 94404.

4. Plaintiff Stanford University is a trust possessing corporate power organized under the laws of California, having a principle place of business at 1705 El Camino Real, Palo Alto, California 94306.

5. Defendant David Kappos ("the Director") is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("PTO"), acting in his official capacity. The Director is the head of the PTO and is responsible for superintending and performing all duties required by law with respect to the granting and issuing of patents. The Director is designated by statute as the official responsible for determining the period of patent term adjustment under 35 U.S.C. § 154.

## JURISDICTION AND VENUE

6. This Court has jurisdiction to hear this action and is authorized to issue the relief sought by Plaintiffs pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361, 35 U.S.C. § 154(b)(4)(A)

and 5 U.S.C. §§ 701-706.

7. Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

8. This Complaint is being timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## BACKGROUND

9. Paulo Fontoura, Hideki Garren, William H. Robinson, Lawrence Steinman, Pedro Jose Ruiz, and Paul J. Utz are the inventors of the claims of U.S. patent application number 10/302,098 ("the '098 application"), filed on November 21, 2002, entitled "Polynucleotide Therapy," which issued on June 9, 2009, as the '669 patent. A copy of the '669 patent is attached hereto as Exhibit A.

10. Plaintiff Stanford University is the owner by assignment of all right, title and interest in the '669 patent, as evidenced by records recorded in the PTO, and are the real parties in interest in this case. Under agreement, Plaintiff Bayhill is the exclusive licensee of the '669 patent.

11. Section 154 of 35 U.S.C. requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b). Specifically, 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

12. In calculating the patent term adjustment, the Director must account for PTO delays under 35 U.S.C. § 154(b)(1)(A) and (B), any overlapping periods in the PTO delays under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B), and any applicant delays under 35 U.S.C. § 154(b)(2)(C).

13. The Director made a determination of patent term adjustment pursuant to 35

U.S.C. § 154(b)(3) and on June 9, 2009, the '669 patent issued with a patent term adjustment of 481 days listed on the face of the patent.

14.     As directed by 35 U.S.C. § 154 (b)(3)(B)(ii), the Director has prescribed regulations providing the applicant "one opportunity to request reconsideration of any patent term adjustment determination made by the Director." Specifically, 37 C.F.R. § 1.705(d) provides that "any request for reconsideration of the patent term adjustment indicated in the patent must be filed within two months of the date the patent issued."

15.     On August 4, 2009, Stanford University timely filed a Request for Reconsideration of Patent Term Adjustment Determination under 37 C.F.R. § 1.705(d) and 35 U.S.C. § 154 ("the Request for Reconsideration") with the PTO to correct errors in the Director's patent term adjustment determination to the '669 patent. A copy of the Request for Reconsideration is attached hereto as Exhibit B. On October 26, 2009, the PTO mailed a Decision on Request for Reconsideration of Patent Term Adjustment ("Decision"), dismissing the Request for Reconsideration filed by Stanford University. A copy of the Decision is attached hereto as Exhibit C.

16.     Under 35 U.S.C. § 154(b)(4)(A), "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent. Chapter 7 of title 5 shall apply to such action."

## CLAIM FOR RELIEF

17.     The allegations of paragraphs 1-15 are incorporated in this claim for relief as if fully set forth herein.

18.     The patent term adjustment for the '669 patent, as determined by the Director

under 35 U.S.C. § 154(b), and listed on the face of the '669 patent, is 481 days. (*See* Ex. A at 1). The determination of the 481 days is in error because the PTO failed to properly account for the delays that occurred after the date that was three years after the actual filing date of the '098 application pursuant to 35 U.S.C. § 154(b)(1)(B) ("B Delay"). The correct patent term adjustment for the '669 patent is at least 1042 days.

19. The '098 application was filed on November 21, 2002, and issued as the '669 patent on June 9, 2009.

20. Under 35 U.S.C. § 154(b)(1)(A), the following periods of adjustment are attributable to PTO examination delay ("A Delay"):

    a.    A period of 580 days, from January 21, 2004, to August 23, 2005, due to failure by the PTO to mail an action under 35 U.S.C. § 132 not later than fourteen months after the actual filing date of the application (*i.e.*, November 21, 2002).

    b.    A total period of 139 days, from February 22, 2008 to June 4, 2008 (103 days) and from December 25, 2008 to January 30, 2009 (36 days), due to failures by the PTO to mail an action under 35 U.S.C. § 132, or a notice of allowance under 35 U.S.C. § 151 within four months after the date of applicant's response. (*i.e.*, Stanford University responses filed on October 22, 2007 and on August 25, 2008).

    c.    Thus, the total period of PTO examination delay under 35 U.S.C. § 154(b)(1)(A) is 719 days (A Delay), which is the sum of the period of the fourteen month delay (580 days) and the total periods of four month action delays (139 days).

21. Under 35 U.S.C. § 154(b)(1)(B), Stanford University is also entitled to additional patent term adjustment of the '669 patent of a period of 561 days, which is the number of days beyond three years after the actual filing date of the '098 application (*i.e.*, November 21, 2005) until a Request for Continued Examination ("RCE") was filed on June 5, 2007 ("B Delay").

22. 35 U.S.C. § 154(b)(2)(A) states that "to the extent that periods of delay attributable to grounds specified in paragraph [154(b)(1)] overlap, the period of any adjustment granted under this subsection shall not exceed the actual number of days the issuance of the patent was delayed." There is no overlap between the delays attributable to the PTO ("A Delay") for the '669 patent and the three year delay ("B Delay") period in the patent term adjustment sought by the Plaintiffs.

23. The total period of PTO delay is 1280 days, which is the sum of the period of PTO examination delay ("A Delay," 719 days) and the period of the Three Year Delay ("B Delay," 561 days).

24. Under 35 U.S.C. § 154(b)(2)(C), the total period of PTO delay is reduced by the number of days of applicant delay which is determined as 238 days as follows for the '669 patent:

    a. A period of 1 day, from April 13, 2003 to April 14, 2003, due to failure of applicants' timely response to the PTO's action within three months (*i.e.*, PTO action mailed on January 13, 2003).

    b. A total period of 131 days, from September 30, 2005 to December 20, 2005 (81 days) and from December 20, 2005 to February 8, 2006 (50 days), due to applicants' submission of two supplemental responses after a reply was initially filed in response to the PTO's action (*i.e.*, Applicant

        response to PTO action filed September 30, 2005).

    c.    A period of 96 days, between September 13, 2006 and December 18, 2006, due to failure of applicants' timely response to the PTO's action within three months (*i.e.*, PTO action mailed on June 13, 2006).

    d.    A period of 10 days, between April 13, 2009 and April 22, 2009, due to applicants' submission of a supplemental Information Disclosure Statement ("IDS") and the PTO's response to the supplemental IDS.

    e.    Thus, the total period of applicant delay under 35 U.S.C. § 154(b)(2)(C) is 238 days which is the sum of the periods of 1 day, 81 days, 50 days, 96 days and 10 days.

25.    Accordingly, the correct patent term adjustment to which the Plaintiffs are entitled under 35 U.S.C. § 154(b)(1) and (2) is 1042 days, which is the difference between the total period of PTO delay (1280 days) and the period of applicant delay (238 days).

26.    The '669 patent is not subject to a terminal disclaimer. Thus the period of patent term adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

27.    The Director erred in the determination of patent term adjustment for the '669 patent by erroneously treating the entire period of PTO "A Delay" as overlapping with the entire period of PTO "B Delay", and including only the "B Delay", instead of the sum of both the "A Delay" and "B Delay" in the patent term adjustment. Thus, the Director incorrectly calculated a patent term adjustment for the '669 patent as 481 days. By this erroneous calculation, the Director has deprived the Plaintiffs of the full patent term adjustment to which they are entitled under the applicable statutes (calculated above as 1042 days).

28.    In its opinion in *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008), this Court

explained the proper construction of the provisions of 35 U.S.C. § 154(b) for determining the patent term adjustment. In accordance with *Wyeth*, the patent term adjustment for the '669 patent is properly determined to be 1042 days, as set forth above.

29. The Director's determination that the '669 patent is entitled to only 481 days of patent term adjustment is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and in excess of statutory jurisdiction, authority, or limitation.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully pray that this Court:

A. Issue an Order changing the period of patent term adjustment for the '669 patent from 481 days to 1042 days, and requiring the Director to alter the term of the '669 patent to reflect the 1042 day patent term adjustment;

B. Issue an Order requiring the Director to correct the front page of the '669 patent, issue an appropriate Certificate of Correction, and otherwise take action to reflect on the '669 patent the 1042 day patent term adjustment; and

C. Grant such other and further relief as the Court deems just and equitable.

DATED: November 15, 2009

Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP

By: _____
JONATHAN D. LINK (D.C. Bar No. 436141)
1301 K Street, N.W., Ninth Floor, East Tower
Washington, D.C. 20005
Telephone: (202) 481-9900
Facsimile: (202) 481-3972
Email: jlink@townsend.com

Attorney for Plaintiffs
BAYHILL THERAPEUTICS, INC.
and
THE BOARD OF TRUSTEES OF THE
LELAND STANFORD JUNIOR
UNIVERSITY

62314548 v1